UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JACOB NOCITA,

                Plaintiff,

v.

HOUSING AUTHORITY OF GRAYS HARBOR COUNTY,

                Defendants.

Case No. C23-6092 DGE

ORDER TO SHOW CAUSE

This matter comes before the Court on Plaintiff Jacob Nocita's motion to proceed *in forma pauperis*. Dkt. 1. Having reviewed Plaintiff's motion and his proposed complaint, the Court declines to grant Plaintiff's motion at this time. Plaintiff may, by January 12, 2024, either: (1) explain and show cause why the complaint should not be dismissed, or (2) file an amended complaint.

DISCUSSION

A. Standard

The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. §1915(a). However, the court has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), cert. denied 375 U.S. 845 (1963). The Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the sua sponte dismissal of any case that is "frivolous or malicious," "fails to state a

ORDER TO SHOW CAUSE - 1

claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an IFP complaint that fails to state a claim).

An IFP complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). A pro se plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Unless it is absolutely clear that no amendment can cure the defects of a complaint, a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995). Leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

ORDER TO SHOW CAUSE - 2

To state a claim under § 1983, a plaintiff must show that: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a state actor. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991) (citation omitted). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Manuel v. City of Joliet, Ill*., 137 S. Ct. 911, 920 (2017) (citation omitted).

Furthermore, a "plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *See Iqbal*, 556 U.S. at 676; *see also Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) ("A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he [or she] is legally required to do that causes the deprivation of which complaint is made." (citation omitted)). In other words, plaintiff must allege a defendant's personal involvement in violating plaintiff's civil right(s).

B.  Plaintiff's Proposed Complaint

Here, Plaintiff appears to claim that officials of Grays Harbor County Housing Authority have violated his rights as a tenant and under the Violence Against Women Act ("VAWA"). He states that he notified them that he was a victim of domestic violence and requested to be relocated. Defendants allegedly did not relocate him or his children.

To the extent Plaintiff is attempting to bring a claim under VAWA, this would be a futile claim. *See United States v. Morrison,* 529 U.S. 598, 627 (2000) (finding that the statute is constitutional); *United States v. Allen,* 341 F.3d 870, 880 (9th Cir.2003) (the Supreme Court "in *Morrison* struck down 42 U.S.C. § 13981, a provision of the VAWA

that provided a federal civil remedy for victims of gender-motivated violence"); *see also, e.g., Barzyk v. Marsico,* No. 1:14–CV–2017, 2015 WL 136622, at *4 (M.D.Pa. Jan. 8, 2015) (dismissing a pro se plaintiff's VAWA claim upon conducting a section 1915 review because the Supreme Court held that the VAWA was unconstitutional). To the extent that Plaintiff alleges only a VAWA violation, this claim would fail and Plaintiff's complaint would be futile.

Plaintiff also states that local law enforcement conducted unlawful searches and seizures of his property and his home which led to the arrest of his spouse. He did not provide any other details, such as dates or the names of the law enforcement officers. "Unreasonable searches and seizures" are prohibited under the Fourth Amendment. An action under § 1983 seeking damages for an alleged illegal search and seizure of evidence upon which criminal charges are based is barred until the criminal charges have been dismissed or the conviction has been overturned. *Harvey v. Waldron*, 210 F.3d 1008, 1015–16 (9th Cir. 2000). It is unclear, however, if Plaintiff even intended for this to be a separate claim of if he provided this detail to support his claim under VAWA.

Finally, Plaintiff states that he is bringing his claims against "Theresa" and "Roma" in their official capacities, only. Plaintiff's official-capacity claims against defendants must be treated as claims against the "entity of which [they are] agent[s]," namely, Grays County. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 n.55 (1978). However, Plaintiff did not name Grays County as a defendant.

Furthermore, "[t]o prevail on a claim against a municipal entity for a constitutional violation, a plaintiff must show that an official's action that caused the plaintiff's injury was pursuant to [an] official municipal policy [or custom] of some nature." *Kirkpatrick v.*

*Cty. of Washoe*, 843 F.3d 784, 793 (9th Cir. 2016) (en banc) (citation and internal quotation marks omitted).

      Here, Plaintiff has alleged no such policy or custom. Moreover, as discussed above, Plaintiff has yet to allege an underlying constitutional violation. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *Lockett v. Cty. of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020) ("Monell claims [] require a plaintiff to show an underlying constitutional violation.").

CONCLUSION

      Accordingly, given the deficiencies addressed above, the Court will not grant Plaintiff's application to proceed *in forma pauperis* at this time. If Plaintiff chooses to file an amended complaint, he is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original").

Plaintiff's amended complaint must be filed by January 12, 2024, and must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. The Court further instructs the Clerk to re-note Plaintiff's motion to January 12, 2024.

Dated this 28th day of December, 2023.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge

ORDER TO SHOW CAUSE - 6