1
2
3
4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

5
6

JACOB NOCITA,

7
                                    Plaintiff,

8             v.

9     HOUSING AUTHORITY OF GRAYS
      HARBOR COUNTY, et al.,

10
                                    Defendants.

Case No. C23-6092 DGE

ORDER TO SHOW CAUSE

11
12          This matter comes before the Court on Plaintiff Jacob Nocita's response to the

13    Court's order to show cause. Dkt. 5. On December 28, 2023, the Court declined to grant

14    plaintiff's motion to proceed *in forma pauperis* at that time and instructed plaintiff to

15    either explain and show cause why his complaint should not be dismissed or file an

16    amended complaint. Dkt. 4. Having reviewed plaintiff's response to the Court's order to

17    show cause, the Court declines to grant plaintiff's motion at this time and will give

18    plaintiff one more opportunity to amend his complaint. Plaintiff may, by March 5, 2024,

19    either: (1) explain and show cause why the complaint should not be dismissed, or (2)

20    file an amended complaint.

                                    DISCUSSION

21    A.  Standard

22          The district court may permit indigent litigants to proceed IFP upon completion of

23    a proper affidavit of indigency. *See* 28 U.S.C. §1915(a). However, the court has broad

24
25

ORDER TO SHOW CAUSE - 1

discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), cert. denied 375 U.S. 845 (1963). The Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the sua sponte dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an IFP complaint that fails to state a claim).

An IFP complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). A pro se plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Unless it is absolutely clear that no amendment can cure the defects of a complaint, a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66

1    F.3d 245, 248 (9th Cir.1995). Leave to amend need not be granted "where the

2    amendment would be futile or where the amended complaint would be subject to

3    dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

4         To state a claim under § 1983, a plaintiff must show that: (1) he suffered a

5    violation of rights protected by the Constitution or created by federal statute, and (2) the

6    violation was proximately caused by a state actor. *See Crumpton v. Gates*, 947 F.2d

7    1418, 1420 (9th Cir. 1991) (citation omitted). The first step in a § 1983 claim is therefore

8    to identify the specific constitutional right allegedly infringed. *Manuel v. City of Joliet, Ill.*,

9    137 S. Ct. 911, 920 (2017) (citation omitted).

10        Furthermore, a "plaintiff must plead that each Government-official defendant,

11   through the official's own individual actions, has violated the Constitution." *See Iqbal*,

12   556 U.S. at 676; *see also Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) ("A

13   person 'subjects' another to the deprivation of a constitutional right, within the meaning

14   of section 1983, if he does an affirmative act, participates in another's affirmative acts,

15   or omits to perform an act which he [or she] is legally required to do that causes the

16   deprivation of which complaint is made." (citation omitted)). In other words, plaintiff must

17   allege a defendant's personal involvement in violating plaintiff's civil right(s).

18        B.  Plaintiff's Response to the Court's Order to Show Cause

19        Here, plaintiff again claims that Grays Harbor County Housing Authority violated

20   his rights as a tenant and under the Violence Against Women Act ("VAWA"). The Court

21   has already informed plaintiff that to the extent plaintiff is attempting to bring a claim

22   under VAWA, this would be a futile claim. *See United States v. Morrison,* 529 U.S. 598,

23   627 (2000) (finding that the statute is constitutional); *United States v. Allen,* 341 F.3d

24

25

1   870, 880 (9th Cir.2003) (the Supreme Court "in *Morrison* struck down 42 U.S.C. §

2   13981, a provision of the VAWA that provided a federal civil remedy for victims of

3   gender-motivated violence").

4          Plaintiff also states that there is an overlap between his claims in the instant case

5   and in 3:22-cv-5741 that is pending before the Honorable Theresa L. Fricke. Plaintiff

6   states that both cases involve Fourth Amendment violations, illegal stops and

7   unreasonable searches and seizures.

8          "If actions before the court involve a common question of law or fact, the court

9   may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate

10  the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R.

11  Civ. P. 42(a). Because plaintiff has failed to provide any details, such as dates or the

12  names of the law enforcement officers, it is unclear to the Court what claims are

13  overlapping between the two cases. And, if plaintiff is attempting to bring the same

14  Fourth Amendment claims against the same officers in this case as in 3:22-cv-5741,

15  plaintiff's claims would be duplicative and could be dismissed on that ground.

16         Plaintiff's response to the Court's order to show cause failed to provide the Court

17  with clarity on the plaintiff's distinct underlying constitutional claims.

18                                   CONCLUSION

19         Accordingly, given the deficiencies addressed above, the Court will not grant

20  Plaintiff's application to proceed *in forma pauperis* at this time. If Plaintiff chooses to file

21  an amended complaint, he is advised that an amended complaint supersedes

22  (replaces) the original complaint and, thus, the amended complaint must be complete in

23  itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546

24

25

(9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original").

Plaintiff's amended complaint must be filed by March 5, 2024, and must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. The Court further instructs the Clerk to re-note Plaintiff's motion to March 5, 2024.

Dated this 20th day of February, 2024.

Theresa L. Fricke
United States Magistrate Judge

ORDER TO SHOW CAUSE - 5