UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JACOB NOCITA,<br><br>                  Plaintiff,<br>    v.<br><br>HOUSING AUTHORITY OF GRAYS HARBOR COUNTY, et al.,<br><br>                  Defendants. | Case No. C23-6092 DGE<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR APRIL 5, 2024 |

This matter comes before the Court on Plaintiff's motion to proceed *in forma pauperis* ("IFP") and his proposed amended complaint. Dkts. 1, 5, 10. This matter has been referred for review of the IFP application to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a). After careful consideration of the proposed amended complaint, the Court recommends that Plaintiff's IFP application be DENIED and this case be dismissed for failure to state a claim.

## DISCUSSION

The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. §1915(a). However, the court has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

REPORT AND RECOMMENDATION - 1

Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati*, 821 F.2d at 1370 (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Unless it is absolutely clear that no amendment can cure the defects of a complaint, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995). Leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

A. Federal Rule of Civil Procedure 8

Under Federal Rule of Civil Procedure (FRCP) 8(a), a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief."

Fed. R. Civ. P. 8(a). Plaintiff must allege facts that would plausibly show they are entitled to any relief. Mere conclusory statements in a complaint and "formulaic recitation[s] of the elements of a cause of action" are not sufficient. *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009); *Chavez v. United States*, 683 F.3d 1102, 1108-09 (9th Cir. 2012). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Ballistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990).

B. Plaintiff's Proposed Complaint

In this case, the Court provided Plaintiff two opportunities to state a claim. Dkts. 4, 7. Plaintiff, in his most recent proposed complaint, alleges Grays Harbor County Housing Authority violated his rights as a tenant and under the Violence Against Women Act ("VAWA"). To the extent Plaintiff is attempting to bring a claim under VAWA, this would be a futile claim. *See United States v. Morrison*, 529 U.S. 598, 627 (2000) (finding that the statute is constitutional); *United States v. Allen*, 341 F.3d 870, 880 (9th Cir.2003) (the Supreme Court "in *Morrison* struck down 42 U.S.C. § 13981, a provision of the VAWA that provided a federal civil remedy for victims of gender-motivated violence").

Further, Plaintiff broadly states that the events giving rise to his claim occurred between March 2020 and November 2023. Dkt. 10. Plaintiff does not provide specific dates or specific actions taken by the named defendants. Rather, he broadly states that he informed "the housing authority and property manager of being a victim of domestic violence" and no action was taken. *Id.* at 2.

He further alleges that local law enforcement conducted "multiple unlawful searches and seizures." *Id.* The Court had previously put Plaintiff on notice that to the extent any of his Fourth Amendment claims were duplicative of the ones alleged in the ongoing case 3:22-cv-5741 that is pending before the Honorable Theresa L. Fricke, Plaintiff's claims could be reevaluated under Federal Rule of Civil Procedure 42(a) in the interest of judicial economy. Furthermore, even if the claims were distinct, Plaintiff did not identify the local law enforcement by name or describe their alleged personal involvement in violating Plaintiff's constitutional rights.

Finally, under the section entitled "Relevant Case Law and Statutes," Plaintiff lists *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* actions are the judicially crafted counterparts to § 1983 and are identical except for the replacement of a state actor with a federal actor. *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991). To sustain a *Bivens* cause of action, a plaintiff must name a federal actor and show (1) the plaintiff suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of federal law. *Id.*; *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Plaintiff names Theresa (property manager), the Housing Authority of Grays Harbor, and Roma as defendants. He did not identify these defendants as individuals acting under color of federal law. Therefore, Plaintiff has not brought a plausible *Bivens* claim.

Thus, the Court should find that Plaintiff has failed to state a claim and his IFP motion should be denied. Providing Plaintiff another opportunity to cure the defects of his complaint would be futile.

CONCLUSION

Because Plaintiff failed to cure the deficiencies the Court previously identified, and the complaint does not state any plausible cause of action, Plaintiff's motion to proceed *in forma pauperis* should be DENIED and his complaint should be DISMISSED.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on **April 5, 2024**, as noted in the caption.

Dated this 19th day of March, 2024.

Theresa L. Fricke
United States Magistrate Judge

NOTED FOR APRIL 5, 2024 - 5